UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 98-cr-187-pp

THOMAS YOUNK,

    Defendant.

**ORDER DENYING DEFENDANT'S LETTER MOTION FOR RETURN OF RESTITUTION PAYMENT (DKT. NO. 30)**

Judge Clevert sentenced the defendant in 1999, but because Judge Clevert has retired since then, the clerk's office assigned the defendant's case to this court. On March 13, 2018, the defendant wrote a letter to Chief Judge Griesbach, asking Judge Griesbach to return to him a $2,500 tax refund that the United States Department of the Treasury had intercepted. Dkt. No. 30. The government responded, dkt. no. 31, and the defendant replied, dkt. no. 32. The court denies the defendant's motion.

**I.    Background**

The defendant's letter states that he does not owe restitution payments. First, he asserts that when probation was interviewing him in preparing his presentence investigation report, he "was told" that he would receive either a prison sentence or an order to pay restitution. Dkt. No. 30 at 1. Second, he says that Judge Clevert "reneged on that promise," and both imposed a

1

sentence of incarceration and ordered him to pay restitution. Id. Third, he says that, while he was on probation, he made $100 monthly payments Judge Clevert had ordered. Id. He says that when his probation ended, he told his probation officer that he was done making payments; he claims that the probation officer "shrugged his shoulders and said that it was no longer his concern and that [the defendant] could do that." Id. Fourth, he denies that he signed a letter at the conclusion of his probation, agreeing to continue making payments. Id. at 1-2. He claims that the form in his file contains a forgery of his signature. Id. at 2. He alleges that Judge Griesbach fraudulently confiscated his tax refund. Id.

The government responded by letter, informing the court that the defendant owed $1,610,980.68 in outstanding restitution. Dkt. No. 31 at 2. Counsel for the government indicates that the government has sent "repeated letters" to the defendant, explaining that he still owes restitution, and that, despite these letters, the defendant "persists in his misunderstanding and in his refusal to provide this office with information regarding his financial situation." Id. at 1. The government makes clear that it "will continue to enforce collection of this outstanding restitution obligation, including use of the Treasury Offset program and any other available collection remedies under the Federal Debt Collection Procedures Act." Id. at 2.

## II. Discussion

On September 15, 1999, Judge Clevert sentenced the defendant to serve twenty-seven (27) months imprisonment, followed by three years of supervised

2

release. Dkt. No. 24. The judgment also ordered the defendant to make a total restitution payment of $856,572.69, plus interest. Id. According to the government's letter, the defendant started serving his supervised release term on May 11, 2001. Dkt. No. 31 at 1. Three years later, on April 16, 2004, Judge Clevert entered an order, stating that Judge Clevert "ORDERED that the term of supervised release discharge on schedule on 5/10/04 *with restitution owing.*" Dkt. No. 29 (emphasis added).

The Mandatory Victims Restitution Act requires a court to order restitution to any victim for offenses against property, including fraud. 18 U.S.C. §3663A(c)(1)(A)(ii). A government agency can constitute a victim under the MVRA. United States v. Leahy, 464 F.3d 773, 793 (7th Cir. 2006) (citing United States v. Sapoznik, 161 F.3d 1117, 1121 (7th Cir. 1998)). The court has no idea whether, before sentencing, anyone told the defendant that he'd either get a prison sentence *or* restitution, but not both. The court doubts that, because the law is clear that federal judges are mandated by law to impose restitution in cases where the offense caused a monetary loss to a victim. Regardless of what anyone did, or didn't, tell the defendant, or what the defendant may have believed, the law required Judge Clevert to impose restitution.

Judge Clevert did impose restitution, as the law required him to do, and the docket shows that the defendant did not appeal the judgment. That means that there is a valid order for the defendant to pay restitution. He has not paid the full amount.

There is no law or statute that says that a defendant stops owing restitution, or has the right to stop paying it, once his supervised release term expires. Whatever the defendant's probation officer may, or may not, have told him, the defendant's restitution obligation remained after his supervised release terminated, and Judge Clevert confirmed that through his order of April 16, 2004. The defendant never has been released from his restitution obligation. It appears from the defendant's letter than he unilaterally decided to stop making restitution payments at the conclusion of his supervised release. The law does not give him that ability. Restitution is as much a part of his sentence as the incarceration component or the supervised release component.

The defendant currently owes restitution of $1,610,980.68. The government has indicated that it will continue to use the Federal Treasury Offset Program to enforce the defendant's restitution obligation. Under 31 U.S.C. §3720a, subsections (a) and (c), the court finds that the government acted within its rights by intercepting the defendant's $2,500 tax refund.

The court **ORDERS** that the defendant's motion for return of restitution payment is **DENIED.** Dkt. No. 30.

Dated in Milwaukee, Wisconsin this 6th day of April, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**